COPY

Michael A. Caddell
State Bar No. 249469
Cynthia B. Chapman
State Bar No. 164471
Cory S. Fein
State Bar No. 250758
**CADDELL & CHAPMAN**
1331 Lamar, #1070
Houston TX 77010
Telephone 713.751.0400
Facsimile: 713.751.0906
mac@caddellchapman.com

Attorney for Plaintiff Rene R. Rodriguez

FILED
CLERK, U.S. DISTRICT COURT

SEP 16 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| RENE R. RODRIGUEZ<br><br>　　　Plaintiff,<br><br>v.<br><br>FARMERS INSURANCE CO. OF ARIZONA; FARMERS INSURANCE EXCHANGE; TRUCK INSURANCE EXCHANGE; FIRE INSURANCE EXCHANGE; MID-CENTURY INSURANCE CO.; AND FARMERS GROUP, INC.,<br><br>　　　Defendants | CASE NO. **CV09-6786 SJO (CTx)**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT - CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff, Rene R. Rodriguez ("Plaintiff" or "Rodriguez")

through his attorneys, and for his Original Complaint against Defendants Farmers

Insurance Company of Arizona, Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers Group, Inc. (collectively "Farmers" or "Defendants"), alleges as follows:

## I.
## PARTIES

A.   PLAINTIFF

1.     Plaintiff, Rene R. Rodriguez, is a citizen and resident of the State of Arizona, residing in Pima County, Arizona.

B.   DEFENDANTS

2.     At all times relevant to this lawsuit, Defendant Farmers Insurance Company of Arizona was an Arizona corporation that was not qualified to do business in the state of California.  This Defendant may be served with process by serving Steve Poizner, Insurance Commissioner of California, c/o Darrel Woo, Custodian of Records, 300 Capitol Mall, 17th Floor, Sacramento, CA 95814.

3.     At all times relevant to this lawsuit, Defendant Farmers Group, Inc. was a Nevada corporation with its principal place of business in Los Angeles, California.  This Defendant may be served with process by serving its registered agent, Doren E. Hohl, 4680 Wilshire Boulevard, Los Angeles, CA 90010.

4.     At all times relevant to this lawsuit, Defendant Farmers Insurance Exchange was a reciprocal or inner insurance exchange organization existing under the laws of the State of California.  This Defendant may be served with process by serving its registered agent, Doren E. Hohl, 4680 Wilshire Boulevard, Los Angeles, CA 90010.

5.     At all times relevant to this lawsuit, Defendant Truck Insurance Exchange was a reciprocal or inner insurance exchange organization existing under the laws of the State of California.  This Defendant may be served with process by serving its registered agent, Doren E. Hohl, 4680 Wilshire Boulevard, Los Angeles, CA 90010.

6.     At all times relevant to this lawsuit, Defendant Fire Insurance Exchange was a reciprocal or inner insurance exchange organization existing under the laws of the State of California. This Defendant may be served with process by serving its registered agent, Doren E. Hohl, 4680 Wilshire Boulevard, Los Angeles, CA 90010.

7.     At all times relevant to this lawsuit, Defendant Mid-Century Insurance Company was a corporation with its principal place of business in Los Angeles, California.  This Defendant may be served with process by serving its registered agent, Doren E. Hohl, 4680 Wilshire Boulevard, Los Angeles, CA 90010.

## II.
## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(d) because there are members of the Plaintiff class who are citizens of States other than California, and the aggregate amount in controversy exceeds five million dollars.

9.     Venue is proper within this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this claim occurred in this District.

- 3 -

## III.
## FACTUAL BACKGROUND

**A.    INSURER'S SUBTRACTION OF DEDUCTIBLE WHEN LOSSES EXCEED COVERAGE LIMITS**

10.    Most, if not all, homeowners insurance policies include a deductible. The purposes of a deductible in an insurance policy are to require the insured to share in the loss, which gives the insured added incentive to prevent and minimize losses, and to eliminate the insurer's obligation for small losses. Markham, PROPERTY LOSS ADJUSTING, at 106 (2nd Ed. 1995). "If the loss exceeds the coverage limit by at least the amount of the deductible, then the insured can collect the full coverage limit without further application of a deductible." *Id.*, Markham at 107.

11.    For example, if a homeowner with a coverage limit of $100,000, and a deductible of $5000, suffers a covered loss of $120,000, the proper method of adjusting the claim is to subtract the $5000 deductible from the $120,000, and because the loss amount minus the deductible ($115,000) is more than the coverage limit of $100,000, pay the insured the full coverage limit of $100,000.

12.    However, Defendants improperly applies the deductible. For example, in the situation above, the Defendants would subtract the deductible from the coverage limit instead of from the loss. Accordingly, the insured in the example above could never recover more than $95,000, regardless of how high his loss was. This methodology results in underpayment of insureds who suffer losses above their coverage limits and results in insureds getting less coverage

- 4 -

than they contract for, less coverage than they pay for. Defendants' methodology, when applied in this manner, results in Defendants never paying the face amount of its policy regardless of the extent of a loss.

**B.    DEFENDANTS' UNDERPAYMENT OF PLAINTIFF'S CLAIM**

13.    Plaintiff lived at 2308 E. Mabel St., in Tucson, Arizona. He had a homeowners policy with Farmers and had always paid his homeowners insurance premiums timely.

14.    Plaintiff's policy had the standard Farmers clause regarding deductibles, which provided, "We pay for loss to covered property less the Deductible amount shown in the Declarations. The deductible shown applies separately to each loss." Section I, Paragraph 6. Notably, the provision does not state the deductible applies separately to each coverage in each loss.

15.    Plaintiff's Farmers policy included the following coverage limits:

| Coverage | Limit |
|---|---|
| Primary Building: | $173,750.00 |
| Debris Removal: | $6,950.00 |
| Landscaping: | $6,950.00 |
| Contents: | $97,300.00 |

16.    On May 18, 2008, Plaintiff suffered a single loss – a structural fire at his residence which resulted in a total loss of his home.

17.    Farmers inspected the house and gave Plaintiff a Building Loss and Worksheet and a Contents Loss Worksheet which set forth Farmers' estimate of Plaintiff's losses. These worksheets showed the limits discussed above, with the following loss amounts:

| Coverage | Limit | Amount of Loss |
|---|---|---|
| Primary Building: | $173,750.00 | $178,585.71 |
| Debris Removal: | $6,950.00 | $6,950.00 |
| Landscaping: | $6,950.00 | $4,900.77 |
| Contents: | $97,300.00 | $85,808.68 |

18.     In calculating the amount of insurance benefits to pay Plaintiff for his Contents loss, Farmers subtracted Plaintiff's $500 deductible from the $85,808.68 contents loss, and paid Plaintiff $85,308.68 for Contents loss.

19.     Farmers' subtraction of the $500 deductible from the Contents Loss was improper because the $500 deductible had already been "absorbed" by the Primary Building loss, which exceeded the limit by more than $500.  As explained in the Markham treatise: "If the loss exceeds the coverage limit by at least the amount of the deductible, then the insured can collect the full coverage limit without further application of a deductible."  Because the amount of loss to the primary building exceeded that coverage limit by more than $500, the entire deductible was "absorbed" by the loss to the primary building, and Farmers was not permitted to deduct the $500 deductible from the amount paid for contents loss.

20.     By improperly deducting $500 from the contents loss, Farmers paid Plaintiff less than he was entitled to under the policy.

## IV.
## CLASS ACTION ALLEGATIONS

21.     Upon information and belief, Defendants routinely improperly subtract the deductible from payments made to their insureds, either by (a) subtracting the deductible from the coverage limit instead of subtracting it from the amount of

-6-

loss, or (b) subtracting the deductible from one coverage category when it had already been absorbed by another coverage category that exceeded the coverage limit.

22.    Defendants' practice of improperly applying deductibles in losses that exceed a coverage limit results in underpayment to thousands of their insureds in the same manner as Plaintiff was underpaid.

23.    **Class Definition.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

All policyholders who:

(1)    own or owned real property located in the United States which was insured by a Defendant;

(2)    submitted to a Defendant a claim for a covered loss to the insured's real property;

(3)    had a determination by a Defendant that at least one category of damage in a loss exceeded the coverage limit for that category;

(4)    received payment on the claim, which payment was calculated by either:

(a)    subtracting the deductible from the coverage limit rather than by subtracting the deductible from the amount of loss; or

(b)    subtracting the deductible from a damage amount that did not exceed its category's limit even though another category of damages did exceed its limit; and

(5)    received a payment based on this calculation during the period from six years prior to the date this Complaint is filed, to the present.

- 7 -

24. **Numerosity.** FED. R. CIV. P. 23(a)(1). The Class members are so numerous that joinder of all is impractical. Plaintiff estimates that the Class consists of thousands of people. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

25. **Existence and Predominance of Common Questions of Law and Fact.** FED, R. CIV. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

a. Whether Defendants' methodology for applying the deductible where a losses exceeds a coverage limit results in underpayment to Defendants' insureds under the terms of Defendants' insurance policy;

b. Whether Defendants, either intentionally or negligently, instituted a policy where they improperly applied the deductible in situations where a Defendant's estimate of loss exceeds a coverage limit in the insured's policy;

c. Whether Defendants' actions in improperly applying the deductible constitutes a breach of Defendants' insurance contract with Defendants' insureds; and

d. Whether Defendants' improper application of the deductible is not only contrary to their contractual obligations, but constitutes bad faith.

- 8 -

26.    **Typicality.** FED. R. CIV. P. 23(a)(3).  Plaintiff's claim is typical of the claims of each Class member.  Plaintiff is entitled to relief under the same causes of action as the other members of the Class.  Plaintiff's claim that Defendant improperly applied the deductible to their loss is typical of the claims of other putative class members.

27.    **Adequacy.** FED. R. CIV. P. 23(a)(4).  Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action and insurance litigation; he intends to prosecute this action vigorously; and has retained counsel who intend to prosecute the action vigorously and have the resources to do so.  The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

28.    **Superiority.** FED. R. CIV. P. 23(b)(3).  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The issues in this litigation involve only the application of the deductible to losses that exceed the insurance policy's coverage limit and do not include any other potential individual disputes between putative class members and Defendants.  The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants'

conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single determination on the issue of the proper way to apply deductibles in losses that exceed the policy coverage limit.

29.   **Injunctive Relief Appropriate for the Class.** FED. R. CIV. P. **23(b)(2)**. Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members. Specifically, Plaintiff seeks injunctive relief in the form of a Court order mandating that, for future payments to their insureds, Defendants be ordered to calculate the payment amount without improperly subtracting the deductible.

# V.
## CAUSE OF ACTION

### BREACH OF CONTRACT

30.     Plaintiff incorporates all paragraphs of this complaint into his breach of contract cause of action.

31.     Defendants had valid enforceable contracts with their insureds requiring Defendants to pay the actual cash value of their insureds' covered losses.

32.     Each class member is in direct privity with a Defendant.

33.     Defendants' contracts with their insureds are unambiguous, and do not permit Defendants to subtract the deductible in the manner described above.

34.     Class members performed their obligations under the insurance contracts by paying their insurance premiums.

35.     Defendants breached their contractual obligation by improperly subtracting deductibles as described above, resulting in Defendants paying their insureds less than the amount due them under Defendants' insurance contracts.

36.     Defendants' breach of the contract caused the class members to be damaged by receiving less than the contractually-agreed payments.

# VI.
## JOINT VENTURE

37.     Plaintiff incorporates all paragraphs of this complaint into his joint venture allegation.

38.     Upon information and belief, Farmers Insurance Group is the trade name for a group of affiliated insurance companies which are in a joint venture, including, but not limited to, all Defendants herein.

39.     Upon information and belief, Farmers Insurance Company of Arizona is owned by Farmers Insurance Exchange, Truck Insurance Exchange, and Fire Insurance Exchange.  Each of these three reciprocal exchanges is managed by Farmers Group, Inc., which acts as their attorney in fact.

40.     A "reciprocal exchange" is an insurance industry term meaning that it is an unincorporated insuring institution in which every subscriber is both a policyholder and insurer of all other subscribers; it also means an unincorporated mutual insurance company.

41.     Upon information and belief, the group of companies that make up Farmers Insurance Group set and administer the policy regarding payment of OP&T together as a joint venture.  Decisions regarding the refusal to pay OP&T are made, not by the individual Farmers entities, but rather by the Farmers joint venture.

42.     The Defendants have an agreement with each other setting forth the relationship described above.

43.     The Defendants have a common purpose and a community of interest in profiting from their insurance contracts by underpaying insurance claims as described above.

44.    Farmers Group has the absolute right of control over each of the various Farmers entities.

45.    Farmers Group participates in the profits and losses of the various Farmers entities.

## VII.
## ALTER EGO / SINGLE BUSINESS ENTERPRISE

46.    Plaintiff incorporates all paragraphs of this petition into his alter ego / single business enterprise cause of action.

47.    Defendant Farmers Group, Inc. ("Farmers Group"), is the attorney-in-fact for the other Defendants.

48.    The other Defendants all empower Farmers Group as their attorney-in-fact.  Farmers Group is empowered in each underwriters agreement not only to exchange insurance contracts for the subscribers, but also to exercise all other functions of an insurer, e.g., to set rates, to settle losses, to compromise claims, and to cancel contracts.  As attorney-in-fact, Farmers Group receives a sizable percentage of the premiums deposited with any of the Farmers companies.

49.    All Defendants are liable for the breach of the insurance policy because, the Court cannot permit various Farmers entities to insulate themselves from liability by the simple technique of forming a management company separate from the company that signs the insurance policy, and Plaintiff and class members cannot be deprived from redress against the parties primarily responsible for their damages.

- 13 -

50.     There is a lack of separation between the various Farmers entities (as other courts have noted in the past) with premiums paid to various Farmers entities being swept by Farmers Group and applied at Farmers Group's discretion to the Farmers entity it chooses, with Farmers Group's underwriting department making the decision regarding which Farmers entity will issue which policies, and with guidelines for operation of the various Farmers entities generated by the home office of Farmers Group.

51.     Furthermore, the reciprocal or inner insurance exchange organization entities within the Farmers Group are completely controlled and operated by Farmers Group and thus do not operate as separate legal entities.

52.     Because of the manner in which the Farmers entities operate as a single unified enterprise, the distinction between Defendants must be disregarded and all Defendants held liable for the acts complained of herein, regardless of which Defendant is signature to the insurance contract.

53.     It would be offensive to the interests of justice to allow Farmers Group (which formulated and implemented the nationwide scheme at issue in this case), to shift all liability to the Farmers entities which signed the actual contracts with insureds.

54.     Farmers Group is the managerial agent without which other Farmers entities could not transact their business. Farmers Group, on behalf of the other Farmers entities, makes the critical decisions regarding the insureds. Farmers Group manipulates the various Farmers entities as parts of a single enterprise.

- 14 -

55.     When a reciprocal insurer functions as a mere instrumentality of Farmers Group, its attorney-in-fact, in the conduct of a unified insurance business, it would be inequitable to permit the attorney-in-fact to escape liability for the acts of the unified insurance business.

56.     In the present case, Plaintiff's claims are squarely focused on the wrongdoing of the national entity, Farmers Group, Inc., which is the attorney-in-fact for all the reciprocal exchanges and which sets the policies involving the payment of claims which are at issue in this litigation.

57.     Farmers Group, Inc., is the national entity with complete control over these other Farmers entities.  To allow it to escape liability for its actions because it has established a corporate structure of multiple interrelated companies so as to avoid being a party to the insurance contract would be an unjust result.

58.     The relationship among the various Farmers entities can be demonstrated by reasonable deduction from the acts and declarations of the various entities, if not by express agreement among them.

## VIII.
## DAMAGES AND OTHER RELIEF

59.     Plaintiff and the Class Members seek damages in the form of reimbursement of improperly subtracted deductibles, plus pre-judgment interest, at the highest rate allowed by law, on the damages awarded.

60.     Plaintiff and the Class Members seek additional exemplary damages due to the fact that Defendants' improper subtracting of deductibles is contrary to Defendants' clear contractual obligations and is thus in bad faith.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. An order certifying the class proposed herein under Federal Rule 23, appointing Plaintiff as class representatives, and appointing Plaintiff's undersigned counsel as Class counsel;

2. Judgment for all damages caused by Defendants' actions;

3. Judgment for exemplary damages as a result of Defendants' bad faith;

4. Injunctive relief pursuant to federal and state law requiring Defendants to stop their practice of improperly subtracting deductibles from insurance claim payments;

5. Attorney's fees, expenses, and costs;

6. Pre-judgment and post-judgment interest as provided by law; and

7. Such other relief the Court deems just, equitable and proper.

## X.
## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated:        September 15, 2009.

1

2

3

4

5

6

7

8

9

Respectfully submitted,

*Michael A. Caddell*

Michael A. Caddell
State Bar No. 249469
**CADDELL & CHAPMAN**
1331 Lamar, #1070
Houston TX 77010
Telephone 713.751.0400
Facsimile: 713.751.0906
mac@caddellchapman.com

COUNSEL FOR PLAINTIFF

10   OF-COUNSEL

11

12   Cynthia B. Chapman
State Bar No. 164471
13   cbc@caddellchapman.com
Cory S. Fein
14   State Bar No. 250758
15   csf@caddellchapman.com
Caddell & Chapman
16   1331 Lamar, Suite 1070
Houston, TX 77010-3027
17   (713) 751-0400
18   (713) 751-0906 FAX

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 6786 SJO (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:  Michael A. Caddell
Caddell & Chapman
1331 Lamar St., Suite 1070
Houston, TX 77010
713-751-0400
713-751-0906 fax

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Rene R. Rodriguez

PLAINTIFF(S)

v.

Farmers Insurance Co. of Arizona; Farmers Insurance
Exchange; Truck Insurance Exchange; Fire Insurance
Exchange; Mid-Century Insurance Co., and Farmers
Group, Inc.

DEFENDANT(S).

CASE NUMBER

**CV09-6786 SJO(CTx)**

**SUMMONS**

TO:  DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Michael Caddell_____, whose address is
_1331 Lamar St., Suite 1070, Houston, TX 77010, 713-751-0400, 713-751-0906 fax_.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:  **SEP 16 2009**

By: **NATALIE LONGORIA**
Deputy Clerk

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

1198

CV-01A (12/07)  **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Reno R. Rodriguez | Farmers Insurance Co. of Arizona; Farmers Insurance Exchange; Truck Insurance Exchange; Fire Insurance Exchange; Mid-Century Insurance Co., and Farmers Insurance Group, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Michael A. Caddell, Caddell & Chapman 1331 Lamar, St., Suite 1070, Houston, TX 77010 713-751-0400, 713-751-0906 fax, mac@caddellchapman.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $ aggregate greater than $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332(d);  28 U.S.C. §1391

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**CV09-6786**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County - Farmers Insurance Exchange, Truck Insurance Exchange; Fire Insurance Exchange; Mid-Century Insurance Co, and Farmers Insurance Group, Inc. | Arizona -  Farmers Insurance Co. of Arizona |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Michael A. Coddell_   Date   9/15/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |